**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AZANIAH BLANKUMSEE *

Plaintiff *

v. * Civil Action No. PWG-20-1188

GOVERNOR LARRY HOGAN *

Defendant *

***

**ORDER**

On June 4, 2020, the Court denied Azaniah Blankumsee's request for his immediate release from incarceration at the Maryland Correctional Training Center ("MCTC") and granted him twenty-eight days to show cause why this matter should not be dismissed for lack of exhaustion of administrative remedies. ECF No. 8. Blankumsee filed an "interlocutory appeal" from the denial of his request for preliminary injunctive relief. ECF Nos. 10, 11. He also filed a Response to this Court's Order to Show Cause. ECF No. 9. Also pending is Blankumsee's Motion for Leave to Proceed in Forma Pauperis which will be granted. ECF No. 2.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* A prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit.

"[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is mandatory irrespective of the form of relief sought and offered through the administrative process. *Booth v. Churner*, 532 U.S. 731, 741 n. 6, (2001). "Even when the prisoner seeks relief not available in grievance proceedings, . . . exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741).

MCTC's Administrative Remedy Procedure Index for administrative remedy procedure (ARP) complaints shows Blankumsee has filed no ARPs while at MCTC. Dovey Decl., ECF No. 7-2, ¶ 2. In his show cause Response, Blankumsee does not assert that he has attempted to exhaust his administrative remedies, or that the process is "unavailable" to him. *See Ross v. Blake*, 136 S. Ct. 185, 1857 (2016) (explaining that when the administrative process is unavailable exhaustion can be excused). Instead, he argues that Defendant Governor Larry Hogan is not a part of the Maryland Division of Correction and an ARP cannot be filed against him. He adds that immediate relief is not available through the ARP process and the Inmate Grievance Office may only investigate complaints against employees of the Division of Correction. ECF No. 9.

This Complaint presents claims challenging safety precautions at MCTC implemented in response to the risks posed by the COVID-19 virus. Such claims challenge the conditions of Blankumsee's confinement, and he is required to exhaust his administrative remedies before presenting these claim in this Court. Consequently, the Court must dismiss the Complaint without prejudice.

Accordingly, it is this 22nd day of July, 2020 by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED without prejudice;

3. The Clerk SHALL SEND a copy of this Order to Plaintiff and to counsel of record; and

4. The Clerk SHALL CLOSE this case.

___/S/___________________
Paul W. Grimm
United States District Judge